UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

_____

In re

MICHELLE GEORGI,

                Debtor.

Case No. 11-21642

Chapter 7

_____

RICHARD HEBEL,

                Plaintiff,

v.

MICHELLE GEORGI,

                Defendant.

Adversary No. 11-2375

_____

MEMORANDUM DECISION ON DEFENDANT'S MOTION TO DISMISS
_____

On February 11, 2011, Michelle Georgi filed a chapter 7 petition. She listed her former spouse, Richard Hebel, who is a co-obligor on certain debts assigned to her by their divorce decree, as an unsecured, nonpriority creditor on Schedule F "in case he [was] forced to pay." (*See* Schedule F filed 2/23/11). Mr. Hebel initiated this adversary proceeding on May 23, 2011, contending that marital debts allocated to Ms. Georgi pursuant to the parties' divorce decree are nondischargeable under 11 U.S.C. §§ 523(a)(5) and (a)(15). Ms. Georgi responded with an answer and a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Both parties submitted briefs in support of their positions.

This Court has jurisdiction under 28 U.S.C. § 1334 and this is a core proceeding under 28 U.S.C. § 157(b)(2)(I). This decision constitutes the Court's findings of fact and conclusions of

law under Fed. R. Bankr. P. 7052. For the reasons stated herein, the defendant's motion to dismiss is denied.

## BACKGROUND

The following facts were alleged in Mr. Hebel's complaint. As part of the parties' divorce judgment, marital debts were allocated between them, with Ms. Georgi taking the responsibility to pay, among others, Summit Credit Union for a credit card and a deficiency resulting from an automobile repossession, and the obligation on a Capital One credit card. Both parties waived maintenance as part of the divorce stipulation. As a result of Ms. Georgi's failure to pay, both Capital One Bank and Summit Credit Union sued Mr. Hebel and obtained judgments against him. On September 13, 2010, Capital One Bank obtained a judgment in the amount of $3,325.53 (Waupaca County Case No. 10 SC 1167), and on April 29, 2011, Summit Credit Union obtained a judgment in the amount of $4,299.35 (Dane County Case No. 11 SC 2844).

Mr. Hebel asserted in the complaint that Ms. Georgi's obligation to pay the debts to Summit Credit Union and Capital One Bank are nondischargeable as to him pursuant to 11 U.S.C. § 523(a)(5) and (a)(15), because they are debts owed him which are either domestic support obligations or debts incurred in connection with a divorce decree that are not domestic support obligations.

## ARGUMENTS

Ms. Georgi argues Mr. Hebel is not entitled to relief under sections 523(a)(5) and (a)(15) because there is no allegation in the complaint that the parties agreed to hold one another harmless relating to the repayment of certain debts. *See In re Forgette*, 379 B.R. 623 (Bankr. W.D. Va. 2007). The parties' judgment of divorce merely divided debts and obligations and did

not contain an indemnification clause.  Therefore, no new "debt" was created by the divorce decree, and the spouse who was not assigned the duty to pay cannot enforce against the spouse to whom the debt was assumed if the debt goes unpaid.  *See In re Burton*, 242 B.R. 674, 678 (W.D. Mo. 1999).

Mr. Hebel argues[1] that since the debts were clearly considered by the parties as marital debts and the assignment of payment responsibility was made in the divorce decree, they are clearly nondischargeable as between the parties.  Although "hold harmless" language is common in written marital settlement agreements, its absence is immaterial.  *In re Burckhalter*, 389 B.R. 185 (Bankr. D. Colo. 2008).

## DISCUSSION

Bankruptcy Rule 7012, incorporating Federal Rule of Civil Prodecure 12(b)(6), allows a court to dismiss a claim or entire complaint if a party fails "to state a claim upon which relief can be granted."  Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  The essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts, it is that even assuming all of his facts are accurate, he has no legal claim.  *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).  All factual allegations in the complaint are taken as true.  *Middleton v. City*

---

[1] In his brief, Mr. Hebel sought a determination that two additional debts, those of Citizen's Bank and Chase Bank, were nondischargeable, although it does not appear that collection from him has been attempted.  If the plaintiff seeks to include these obligations in a judgment of nondischargeability, he should move to amend the complaint, accordingly.  Also, Mr. Hebel's brief opines the defendant's motion is in essence a motion for summary judgment.  Although the Court's holding may determine all necessary issues, the Court will not issue final judgment in plaintiff's favor while no such motion is pending.

3

*of Chicago*, 578 F.3d 655, 657 (7th Cir. 2009).

There is no allegation in the complaint that the divorce decree contained a provision to hold the other party harmless on the debts, nor is there an allegation of an indemnification provision. Additionally, the plaintiff makes no argument and submits no evidence these debts are domestic support obligations (DSOs), and both parties waived maintenance, so the Court will treat them as obligations arising under a divorce decree and marital settlement agreement (MSA) that are not DSOs.

Mr. Hebel seeks to recover from Ms. Georgi under a theory of indemnification, an equitable doctrine where one party who pays a debt that rightfully should be paid by another is entitled to reimbursement. *See In re Forgette*, 379 B.R. 621, 623 (Bankr. W.D. Va. 2007) (noting claimant's "right to payment" under Bankruptcy Code would only arise under theory of subrogation or contribution if the nondebtor had paid joint debts ordered to be paid by debtor).

In the companion cases cited by the parties, *In re Forgette*, 379 B.R. 621 (Bankr. W.D. Va. 2007), and *In re Forgette*, 379 B.R. 623 (Bankr. W.D. Va. 2007), the chapter 13 debtor's ex-wife sought to enforce a provision in the parties' divorce decree obligating the debtor for payments on a car loan. Although there was no hold harmless provision in the parties' MSA, the debtor's ex-wife had not yet had to pay the joint obligation assigned the debtor. So in the claim case, 379 B.R. 621, the bankruptcy court found the ex-wife did not have a "claim" because a claim would have had to arise either under a hold harmless agreement or another theory of indemnification, and she had not paid the debts assigned to the debtor – yet.[2] Consequently,

---

[2] The *Forgette* court did not address the definition of "claim," 11 U.S.C. § 101(5), which includes contingent liabilities. While a contingent claim may be subject to disallowance under 11 U.S.C. § 502(e), it still meets the definition of "claim." Section 101(12) defines "debt" as

4

because there was no claim, she was not entitled to relief from the automatic stay to enforce the divorce decree through contempt procedures in state court, 379 B.R. 623. A creditor threatening to collect the deficiency from the nondebtor ex-wife was found not to be "cause" for stay relief. But the implication of both *Forgette* cases is that the debtor's ex-wife would have been entitled to indemnification if and when she had had to pay.

In this case, the adversary complaint alleges that creditors to whom Ms. Georgi was liable pursuant to the divorce judgment have obtained judgments against Mr. Hebel. If there is a judgment against him, an equitable right to indemnification could arise. *See* 42 C.J.S. Indemnity § 33 (2011) (noting "even if the parties failed to include an indemnity provision in their contract, if it is apparent that they would have done so had the point occurred to them, the courts will read it into their contract unless it is disclaimed"). And having to defend a lawsuit as a party and receiving an adverse judgment is more than just a demand for payment or threat of collection, as present in *Forgette*.

There is a fine distinction in the provisions for exception to discharge under sections 523(a)(5) and (a)(15). Under section 523(a)(5), a debt is excepted from discharge if it is a DSO. *See* 11 U.S.C. § 101(14A) (domestic support obligation includes a debt that is owed to *or recoverable by* a spouse). Presumably, "recoverable" means enforceable by state court procedures. Section 523(a)(15) only applies to a debt *to a spouse*. This Court holds that a debt *to* a spouse and one *recoverable by* a spouse in the context of divorce related obligations is a distinction without a difference, and they mean the same thing. Under Wisconsin law, an

---

"liability on a claim," and section 523(a) addresses exceptions to *debts*, without consideration of whether the claims associated without such debts are allowed or not. Thus, the debtor could discharge (or have excepted from discharge) a contingent claim.

obligation for property division can be enforced by contempt in state court just as a DSO can. Wis. Stat. §§ 767.61, 767.78; *see also In re Burckhalter*, 389 B.R. 185, 190 (Bankr. D. Colo. 2008) (construing enforcement of assignment of obligations by contempt under Colorado law as equivalent to incurring an obligation to a co-obligor spouse). Thus, a non-DSO debt that the debtor is ordered to pay creates an obligation to the co-obligor spouse.

The Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA) was intended to negate the distinction between support and property division provisions, except in chapter 13 cases, by making both support and nonsupport debts not subject to discharge. *See In re Ginzl*, 430 B.R. 702, 707 (Bankr. M.D. Fla. 2010); *In re Burckhalter*, 389 B.R. 185 (Bankr. D. Colo. 2008). There is no reason to wait for judgments, payment by the ex-husband to third parties, and enforcement in state court to recognize that the former spouse has a nondischargeable claim against the debtor under section 523(a)(15).

Most courts that have interpreted the application of 523(a)(15) when a decree or MSA lacks a hold harmless provision have held that a court order to pay a third party is the equivalent of a hold harmless provision. *See In re Gibson*, 219 B.R. 195 (B.A.P. 6th Cir. 1998) (debtor's obligation to pay joint marital debt to third party, which he assumed prepetition pursuant to separation agreement, excepted from discharge even though agreement lacked hold harmless language); *In re Schmitt*, 197 B.R. 312 (Bankr. W.D. Ark. 1996) (court order to pay was equivalent to hold harmless obligation to former spouse); *In re Speaks*, 193 B.R. 436 (Bankr. E.D. Va. 1995) (hold harmless inferred). Therefore, the failure to plead the existence of a hold harmless provision is not fatal to Mr. Hebel's cause of action. For the reasons stated above, the complaint states a claim upon which relief can be granted, and Ms. Georgi's motion to dismiss is

denied. A separate order consistent with this decision will be entered.

November 14, 2011

Margaret Dee McGarity
United States Bankruptcy Judge

7